IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | |
|---|---|
| Clarence Kenneth Voigt, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| vs. ) | **RE § 1915 SCREENING** |
| ) | |
| State of North Dakota, ) | Case No. 1:07-cv-010 |
| ) | |
| Defendant. ) | |

## I. BACKGROUND

On February 9, 2006, the plaintiff, Clarence Kenneth Voigt ("Voigt"), lodged a *pro se* complaint with this court. In addition, he filed an application to proceed *in forma pauperis*. What follows is the undersigned's recommendation as to how the court should proceed with the Voigt's aforementioned complaint and application.

## II. DISCUSSION.

### A. Causes of Action

Previously, in Case No. 1:06-cv-045, the court allowed Voigt to proceed with an Americans with Disabilities Act ("ADA") claim against both the State and Allen Hoberg, in his official capacity. The basis of Voigt's claim was that he was denied auxiliary hearing aids when appearing before the Office of Administrative Hearings to contest the denial of his Workers' Compensation benefits.

In the complaint now before the court, Voigt alleges that the State again violated the ADA in that it failed to provide him with auxiliary hearing aids during his deposition in his federal action

1

against the State. He seeks $750,000 in compensatory damages for what he perceives as a violation of his rights under the Americans with Disabilities Act of 1990.

### B.   Standard Governing Review

Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that the court may authorize the commencement of a suit without prepayment of fees by a person submitting a financial affidavit evincing an inability to pay. See 28 U.S.C. § 1915(a)(1). Notwithstanding financial eligibility, the court may deny an application if it concludes the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).[1]

In applying the provisions of § 1915(e)(2), the court must give the *pro se* complaint the benefit of a liberal construction and not dismiss the complaint unless it is clear beyond doubt that there is no set of facts that would entitle the plaintiff to relief. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*pro se* complaints are "subject to less stringent standards than formal pleadings drafted by lawyers"); Atkinson v. Bohn, 91 F.3d 1127, 1128-29 (8th Cir. 1996). In construing the complaint, the court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 31-33 (1992) (court may disregard factual allegations that are clearly baseless, fanciful, fantastic, or delusional). "A complaint is frivolous if

---

[1] 28 U.S.C. § 1915(e)(2) states the following:
(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
    (A) The allegation of poverty is untrue; or
    (B) the action or appeal–
        (i) is frivolous or malicious
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

it lacks an arguable basis in law or fact." Martinez v. Turner, 977 F.2d 421, 423 (8th Cir. 1992) (citing Nietske v. Williams, 490 U.S. 319, 325 (1989)). "It lacks an arguable basis in law if the claim is based on an indisputable meritless legal theory." Id.

### C. 28 U.S.C. § 1915(e)(2) Screening

Title II of the ADA prohibits State governments from discriminating against qualified individuals with a disabilities in the provision or operation of public services, programs, or activities. See 42 U.S.C. § 12131- 12134. The ADA further provides that States "shall not be immune under the eleventh amendment to the Constitution of the United States from an action in Federal or State court of competent jurisdiction for a violation of this chapter." 42 U.S.C. § 12202.

In order to establish an violation of Title II of the ADA, a plaintiff must show: (1) he is a qualified individual with a disability; (2) he was excluded from participation in or denied the benefits of a public entity's services, programs or activities, or was otherwise discriminated against by the entity; and (3) that such exclusion, denial of benefits or other discrimination was by reason of his disability. See Layton v. Elder, 143 F.3d 469, 472 (8th Cir. 1988). The ADA defines a "qualified individual with a disability" as "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2). It further defines "auxiliary aids and services" as including "qualified interpreters or other effective methods of making aurally delivered materials available to individuals with hearing impairments." 42 U.S.C. § 12102(1)(A). The

regulations enacted pursuant to the ADA include among these "auxiliary aids and services" the kind of device presumably sought by Voigt, an "assistive listening device." 28 C.F.R. § 35.104.

Voigt has arguably satisfied the first prong of the test, that he is an individual with a disability, insofar as he has averred that he is hearing-impaired. He clearly has not satisfied the second prong, however.

"Courts have broadly construed the 'services, programs, or activities' language in the ADA . . . to encompass 'anything a public entity does.'" Salinas v. City of New Braunfels, Civil Action No. SA-06-CA-729-XR, 2006 WL 3751182 at *4 (W.D. Tex. Dec. 18, 2006) (citing case law from the Second, Third, Sixth, and Ninth Circuits). "The focus of the inquiry, therefore, is not so much on whether a particular public function can technically be characterized as a service, program, or activity, but whether it is 'a normal function of a governmental entity.'" Barden v City of Sacramento, 292 F.3d 1073, 1076 (9th Cir. 2002).

Even though the test is broad in terms of what constitutes "services, programs, or activities of a public entity" within the meaning of the ADA, the court cannot conceive that the State defending itself in a federal civil action initiated by Voigt qualifies, which was all that the State was doing when it deposed Voigt. It was not administering its own justice system.

This is not to say, however, that Voigt had no protections. If he believed he was being unfairly taken advantage of, he could have sought relief from this court and, upon a proper showing of actual need, the court could have ordered that the deposition proceed at the federal courthouse where the necessary accommodations could have been provided.

Voigt' claim is clearly meritless.

### III.     CONCLUSION AND RECOMMENDATION

It is clear beyond a doubt that the complaint fails to state a federal claim upon which relief can be granted within the meaning of 28 U.S.C. § 1915(e)(2).  Accordingly, it is **RECOMMENDED** that the application to proceed *in forma pauperis* be denied without prejudice to the claims set forth in the proposed complaint.  See Denton v. Hernandez, 504 U.S. at 34; Wilson v. Johnston, 68 Fed.Appx. 761 (8th Cir. 2003) (*per curiam*).

### NOTICE OF RIGHT TO FILE OBJECTIONS

Pursuant to Local Rule 72.1(E)(4), any party may object to this recommendation within ten (10) days after being served with a copy of this Report and Recommendation.  Failure to file appropriate objections may result in the recommended action being taken.

Dated this 14th day of March, 2007.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.,
United States Magistrate Judge

5